JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

19-CV-3150

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
George Smith

**DEFENDANTS**
Southeast Delco School District

**(b)** County of Residence of First Listed Plaintiff: Middleton, DE
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Folcroft, PA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Zeff Law Firm, LLC, 100 Century Pkwy, Suite 160
Mt. Laurel, NJ 08054
856-778-9700

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
THE VII OF THE CIVIL RIGHTS ACT 1964; 42 U.S.C. SECTION 1981
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE
DOCKET NUMBER  JUL 19 2019

DATE: 7-18-2019

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

19   3150

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 1 Omeara Ct., Middleton, DE 19709

Address of Defendant: 1560 Delmar Drive. Folcroft, PA 19032

Place of Accident, Incident or Transaction: Folcroft, PA 19032

---

*RELATED CASE, IF ANY:*

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [✓]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [✓]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [✓]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [✓]

I certify that, to my knowledge, the within case [ ] is / [✓] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 07/18/2019   _____   320699
                    *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A. *Federal Question Cases:*
[ ] 1. Indemnity Contract, Marine Contract, and All Other Contracts
[ ] 2. FELA
[ ] 3. Jones Act-Personal Injury
[ ] 4. Antitrust
[ ] 5. Patent
[ ] 6. Labor-Management Relations
[✓] 7. Civil Rights
[ ] 8. Habeas Corpus
[ ] 9. Securities Act(s) Cases
[ ] 10. Social Security Review Cases
[ ] 11. All other Federal Question Cases
      *(Please specify):* _____

B. *Diversity Jurisdiction Cases:*
[ ] 1. Insurance Contract and Other Contracts
[ ] 2. Airplane Personal Injury
[ ] 3. Assault, Defamation
[ ] 4. Marine Personal Injury
[ ] 5. Motor Vehicle Personal Injury
[ ] 6. Other Personal Injury *(Please specify):* _____
[ ] 7. Products Liability
[ ] 8. Products Liability – Asbestos
[ ] 9. All other Diversity Cases
      *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Eva C. Zelson, counsel of record or pro se plaintiff, do hereby certify:

[✓] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

JUL 19 2019

DATE: 07/18/2019   _____   320699
                    *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| George Smith | : | CIVIL ACTION |
| v. | : | |
| Southeast Delco School District | : | NO. 19 3150 |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                      ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                               ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.      (x)

| | | |
|---|---|---|
| 7-18-2019 | Eva C. Zelson, Esq. | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 856-778-9700 | 609-534-0992 | ezelson@glzefflaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

JUL 19 2019

JS

ZEFF LAW FIRM, LLC
Gregg L. Zeff, Esquire #52648
Eva C. Zelson, Esquire #320699
100 Century Parkway, Suite 305
Mount Laurel, NJ 08054
(856)778-9700 (T)
(856)702-6640 (F)
gzeff@glzefflaw.com                                                                    *Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GEORGE SMITH<br>1 Omeara Ct.<br>Middleton, DE 19709 | 19   3150 |
| | CIVIL ACTION NO.: |
| *Plaintiff*, | COMPLAINT AND JURY DEMAND |
| v. | |
| SOUTHEAST DELCO SCHOOL DISTRICT<br>1560 Delmar Drive<br>Folcroft, PA 19032 | |
| *Defendant.* | |

## CIVIL ACTION

Plaintiff, George Smith, by and through his undersigned attorneys, brings this civil matter against Defendant Southeast Delco School District alleging that he was subjected to unlawful violations of his constitutional rights, Title VII of the Civil Rights Act of 1964 ("Title VII"), the Pennsylvania Human Relations Act ("PHRA") and 42 U.S.C. §1981, and avers and alleges as follows:

## THE PARTIES

1. The allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

1

2. Plaintiff George Smith (hereinafter "Plaintiff") is an African-American man and a practicing Christian.
3. Plaintiff resides at the above-captioned address.
4. Defendant Southeast Delco School District (hereinafter "Defendant") is a school district with a location at the above-captioned address.
5. Plaintiff was employed by Defendant and worked at or near the above-listed Folcroft, Pennsylvania address from January 2012 until his constructive termination in September of 2018.
6. At all times relevant hereto, Defendant acted by and through its agents, servants, and employees, each of whom acted within the scope of his or her jobs responsibilities.

## JURSIDICTION AND VENUE

7. The foregoing paragraphs are incorporated by reference herein as if the same were set forth at length.
8. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.
9. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.
10. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.
11. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

12. The foregoing paragraphs are incorporated by reference herein as if the same were set forth at length.
13. Plaintiff exhausted his administrative remedies under Title VII. *Butterbaugh v. Chertoff*, 479 F. Supp. 2d 485 (W.D. Pa. 2007).
14. On or around July 13, 2018, Plaintiff filed a timely written Charge of Discrimination (the "Charge") against Defendant with the Equal Employment Opportunity Commission ("EEOC") alleging retaliation and religious discrimination.
15. The charge was duly filed with the Pennsylvania Human Relations Commission ("PHRC").
16. Plaintiff received a Notice of Right to Sue relative to the Charge, by mail, on April 29, 2019.
17. Plaintiff files the instant Complaint within ninety (90) days of his receipt of the Notice of Right to Sue letter relative the Charge.

## FACTUAL SUMMARY

18. The allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.
19. Plaintiff began working for Defendant in or around January of 2012.
20. Throughout the majority of his employment with Defendant, Plaintiff served as a Public Safety Officer.
21. Plaintiff was qualified for his position and performed well.
22. Throughout the entirety of his employment with Defendant, Plaintiff maintained a second job. Defendant knew about and approved of this job.
23. On or around May 17, 2018, Plaintiff was praying as required by his religion.
24. Plaintiff's prayers did not interfere with his work.
25. Employees of other religions were allowed to pray while at work.
26. Further, employees who were not African-American were allowed to pray while at work.

27. Despite this, Plaintiff was confronted by a supervisor, who ordered Plaintiff to refrain from praying at work.
28. On or around May 18, 2018, Plaintiff submitted a written complaint of race and religious discrimination to Defendant.
29. Shortly thereafter, on or around June 4, 2018, Plaintiff formally requested that Defendant provide him with a religious accommodation so that Plaintiff could pray at work.
30. Several weeks later, on or around June 22, 2018, without just cause, Defendant demoted Plaintiff to the position of hall monitor.
31. On or around June 26, 2018, Defendant subjected Plaintiff to fabricated discipline for conduct that had supposedly occurred prior to Plaintiff's complaint of discrimination.
32. Plaintiff had not been disciplined by Defendant prior to this June 26, 2018 discipline.
33. Following Plaintiff's June 4, 2018 request for a religious accommodation, Plaintiff followed-up on the request numerous times. Despite this, Plaintiff did not receive a response to his request during the time he was employed by Defendant.
34. Following the fabricated discipline on June 26, 2018, Defendant continued to harass Plaintiff.
35. Specifically, Defendant's supervisors began aggressively monitoring Plaintiff and disparaging his performance.
36. Additionally, Plaintiff was still not allowed to pray at work, despite the fact that employees of other religions and/or races were allowed to do so.
37. On or around August 23, 2018, Defendant advised Plaintiff that it would be changing his schedule so that, for the first time in Plaintiff's employment with Defendant, Plaintiff would be unable to maintain his second job.
38. Plaintiff reported to Defendant that he believed this action was retaliatory.
39. Following this, Defendant continued to subject Plaintiff to harassment.
40. On or around September 20, 2018, Plaintiff was constructively terminated from employment with Defendant.

## COUNT I – RETALIATION
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

41. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

4

42. Plaintiff engaged in activity protected by Title VII.

43. Plaintiff complained of discrimination internally.

44. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, demoting, harassing, disciplining and constructively terminating him.

45. There exists a causal connection between Plaintiff's participation of the protected activity and the adverse employment actions.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT II- RETALIATION
## THE PENNSYLVANIA HUMAN RELATIONS ACT

46. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

47. Plaintiff engaged in activity protected by the Pennsylvania Human Relations Act.

48. Plaintiff complained of discrimination internally.

49. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, demoting, harassing, disciplining and constructively terminating him.

50. There exists a causal connection between Plaintiff's participation of the protected activity and the adverse employment actions.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT III- RELIGIOUS DISCRIMINATION- DISPARATE TREATMENT AND FAILURE TO ACCOMMODATE
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

51. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

52. By and through its course of conduct as alleged herein, Defendant discriminated against Plaintiff by disciplining him, demoting him, harassing him and constructively terminating him on the basis of his religion and/or his request for a religious accommodation.

53. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

54. The reasons cited by Defendant for the above cited adverse employment actions that

Plaintiff suffered are pretext for discrimination.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

### COUNT IV – RELIGIOUS DISCRIMINATION – DISPARATE TREATMENT AND FAILURE TO ACCOMMODATE
### THE PENNSYLVANIA HUMAN RELATIONS ACT

55. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.
56. The foregoing conduct by Defendants constitutes unlawful discrimination against Plaintiff on the basis of his religion.
57. As a result of Defendants' unlawful religious discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

### COUNT V – RELIGIOUS DISCRIMINATION – HOSTILE WORK ENVIRONMENT
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

58. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

59. Defendant created a hostile work environment for Plaintiff on the basis of his religion, as described in preceding paragraphs.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

### COUNT VI- RELIGIOUS DISCRIMINATION- HOSTILE WORK ENVIRONMENT
### THE PENNSYLVANIA HUMAN RELATIONS ACT

60. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

61. Defendant created a hostile work environment for Plaintiff on the basis of his religion, as described in preceding paragraphs.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT VII
## 42 U.S.C. §1983
## VIOLATION OF 42 U.S.C. § 1981- RETALIATION

62. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

63. At all times relevant herein, Plaintiff maintained or sought to maintain a contractual relationship with Defendant.

64. Plaintiff engaged in activity protected by 42 U.S.C. §1981.

65. Plaintiff complained of discrimination internally.

66. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, demoting, harassing, disciplining and constructively terminating him.

67. There exists a causal connection between Plaintiff's participation of the protected activity and the adverse employment actions.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT VIII
## VIOLATION OF 42 U.S.C. §1983
## FIRST AMENDMNET

68. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

69. Defendant's conduct interfered with and constituted retaliation for Plaintiff's exercise of his First Amendment rights as guaranteed through the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, George Smith, requests that the Court grant him the following relief against Defendant:

(a) Damages for past and future monetary losses as a result of Defendant's unlawful discrimination;

7

(b) Compensatory damages;

(c) Punitive damages;

(d) Liquidated damages;

(e) Emotional pain and suffering;

(f) Reasonable attorneys' fees;

(g) Recoverable costs;

(h) Pre and post judgment interest;

(i) An allowance to compensate for negative tax consequences;

(j) A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with them, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of TITLE VII, the PHRA, Section 1981 and the United States Constitution.

(k) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for her adverse actions, disciplines, and termination; and

(l) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

        ZEFF LAW FIRM, LLC

        _____
        Gregg L. Zeff, Esquire
        Eva C. Zelson, Esquire
        *Attorneys for Plaintiff*

Dated: July 18, 2019

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time any other action or arbitration proceeding contemplated.

ZEFF LAW FIRM, LLC

_____
Gregg L. Zeff, Esquire
Eva C. Zelson, Esquire
*Attorneys for Plaintiff*

Dated: July 18, 2019

9