**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| GEORGE SMITH | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SOUTHEAST DELCO SCHOOL DIST. | : | NO. 19-3150 |

**<u>MEMORANDUM</u>**

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE                                                June 19, 2020

## I.   BACKGROUND

In this case, George Smith ("Plaintiff") alleges that his employer from 2012 to 2018, Defendant Southeast Delco School District, subjected him to workplace discrimination and retaliation, starting on May 17, 2018, because of a combination of his race and his religiously-motivated desire to pray early in the morning while on duty, at his workplace. As is customary, Plaintiff's First Amended Complaint ("FAC") lists his factual allegations in one section (the Factual Summary) and then does not repeat verbatim all of the allegations in each count of the FAC; instead, for each count, he incorporates by reference all prior paragraphs of the pleading. Defendant, displeased with and critical of Plaintiff's pleading style, has filed a motion to dismiss all counts of the FAC. This court, able to track Plaintiff's allegations, finds that Plaintiff has adequately pleaded all of his claims. Hence, Defendant's motion to dismiss is denied and Defendant shall answer the First Amended Complaint.

## II.   MOTION TO DISMISS STANDARD

As explained by the Third Circuit:

> For purposes of reviewing a motion to dismiss under Rule 12(b)(6), we are "required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn from them after construing them in the light most favorable to the nonmovant."

> *Foglia v. Renal Ventures Mgmt., LLC*, 754 F.3d 153, 154 n. 1 (3d Cir. 2014) (quotation marks and citation omitted).  However, we disregard legal conclusions and recitals of the elements of a cause of action supported by mere conclusory statements. *Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010) (citation omitted).  "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

*Davis v. Wells Fargo*, 824 F.3d 333, 341 (3d Cir. 2016).  The court must determine if Plaintiff's claims are facially plausible, *i.e.*, the plaintiff has pleaded sufficient facts to allow the court to draw the reasonable inference that the defendant is liable on the basis alleged.  *Mammana v. Federal Bureau of Prisons*, 934 F.3d 368, 372 (3d Cir. 2019) (citations omitted).  Whether a claim is plausible is distinct from whether the plaintiff can make a *prima facie* case; the latter inquiry is not appropriate at the pleading stage of litigation.  *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 788-89 (3d Cir. 2016).  Indeed, a case may not be dismissed, under Rule 12(b)(6), simply because it appears unlikely that the plaintiff will be able to prove his allegations or prevail on the merits.  *Id.* at 790-91 (citing *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)).

### III.   DISCUSSION

**A.   Factual Allegations**

Plaintiff is an African-American and practicing Christian.  FAC at 2.  He commenced work for Defendant in January 2012 and, for most of his tenure, served as a Public Safety Officer.  *Id.* at 3.  Plaintiff alleges that he was qualified for the job.  *Id.*  At all times relevant, Plaintiff had a second job, which Defendant had knowledge of and approved.  *Id.*  On May 17, 2018, Plaintiff was praying at work; employees of other religions who were not African-American were allowed to pray at work.  *Id.* at 4.  On this day, Plaintiff was confronted by a supervisor, who told him not to pray at work.  *Id.*  Plaintiff believed his supervisor's order constituted harassment based on his

religion and race.  *Id.*  Therefore, the next day, May 18, 2018, Plaintiff filed a written complaint with Defendant about religious and racial discrimination.  *Id.*  On June 4, 2018, Plaintiff requested that Defendant accommodate his request to pray at work, because of his sincere belief that his religion required him to pray at work, which he told Defendant.  *Id.*  Following this request, Plaintiff followed up with Defendant several times, but received no response.  *Id.*

On June 22, 2018, Defendant demoted Plaintiff to the position of hall monitor; this demotion changed Plaintiff's job title and job duties.  FAC at 4.  On June 26, 2018, Defendant disciplined Plaintiff based upon events that had occurred before his May 18, 2018 complaint of racial and religious discrimination; Plaintiff had never previously been disciplined by Defendant.  *Id.*  After June 26, 2018, Plaintiff's supervisors began to harass Plaintiff by disparaging his work and aggressively monitoring him.  *Id.*  Plaintiff still was not allowed to pray at work, which impeded his exercise of his religion; employees of other religions and other races were allowed to pray at work during this time.  *Id.* at 5.

On August 23, 2018, Defendant informed Plaintiff that his work schedule was changing to a time that would prevent Plaintiff from working at his second job.  FAC at 5.  Plaintiff alleges that Defendant had no business-related reason to shift his schedule, but rather, did so to retaliate against him.  *Id.*  Plaintiff informed Defendant that he thought the schedule change was retaliatory, yet Defendant continued to harass Plaintiff.  *Id.*  Plaintiff believes that Defendant's management-level employees knew directly or had constructive knowledge of the harassment Plaintiff suffered.  *Id.*  Finally, on September 20, 2018, Plaintiff was constructively discharged from employment.  *Id.*  As a result of Defendant's actions, Plaintiff endured emotional pain and suffering.  *Id.* at 8.

**B.     Counts One and Two**

Counts One and Two allege that Defendant, through its employees, took adverse

employment actions against Plaintiff after he complained of discrimination; these actions violated Title VII of the Civil Right Act of 1964 and the Pennsylvania Human Relations Act ("PHRA"). FAC at 5-6. The adverse employment actions included demoting, harassing, disciplining and constructively terminating him. *Id.* These claims are well-pleaded in the FAC.

In order to make out a retaliation claim under Title VII and the PHRA,[1] the plaintiff must prove: (1) that he engaged in a protected activity; (2) that he was subject to adverse action by the employer; and (3) that there is a causal connection between the protected activity and the employer's adverse action. *Connelly*, 809 F.3d at 789 (citing *Charlton v. Paramus Bd. of Educ.*, 25 F.3d 194, 201 (3d Cir. 1994)). At this stage, of course, Plaintiff need not prove his case; he need only allege facts to make his claims plausible. *Mammana*, 934 F.3d at 372. He has. Plaintiff alleges that he made a discrimination complaint to his employer and tried to exercise his religion by praying on the job, during work hours. After engaging in this protected conduct (complaining to his employer about racial and religious discrimination)[2] Plaintiff alleges that he suffered adverse employment consequences, including demotion, harassment, discipline and constructive discharge. He further alleges that Defendant imposed adverse consequences upon him, because he had complained about discrimination and his desire to pray on the job, during work hours.

Defendant faults Plaintiff for not disclosing the names of specific employees who allegedly made Plaintiff's work life miserable. Def.'s Br. in Support of Mot. to Dismiss ("Def. Br.") at 7, 9, 10. However, that omission can be cured by discovery and, Defendant knows many of the relevant names and mentioned them throughout its filing. *See id.* at 3 n.3, 9 n.4 (Director of Human

---

[1] Title VII and PHRA claims are analyzed in an identical fashion. *See Connelly*, 809 F.3d at 791 n.9 (citing *Krouse v. Am. Sterilizer Co.*, 126 F.3d 494, 500 (3d Cir. 1997)).

[2] Protected activity includes complaining to one's employer about discrimination based on race, color, religion, sex, or national origin. *Connelly*, 809 F.3d at 792 n.10 (citing *Slagle v. City of Clarion*, 435 F.3d 262, 268 (3d Cir. 2006)). Since Plaintiff complained to Defendant about being discriminated against based on both his race and religion, he has alleged that he engaged in protected activity.

Resources, Brian Wilson, Ed.M.), 8 (Mr. Whitman), 11 (Michael Hooven [the high school's assistant principal]), 17 (Mr. Robinson [the high school's principal]). Defendant also complains that Plaintiff cannot prove that he was demoted and constructively discharged. Def. Br. at 11-13. However, whether Plaintiff can ultimately prove his claims, is not a proper reason to dismiss the FAC. *See Connelly*, 809 F.3d at 790-91. Hence, Defendant's motion to dismiss counts one and two of the FAC is denied.

**C.     Counts Three and Four**

In counts three and four, Plaintiff alleges that Defendant, through its employees, violated Title VII and the PHRA by discriminating against him for attempting to exercise his right to freely exercise his religion by praying at work, during work hours and for requesting Defendant accommodate Plaintiff's request to do so. FAC at 6-7. The adverse employment actions included demoting, harassing, disciplining and constructively terminating him. *Id.* Defendant counters that Plaintiff has failed to adequately plead Title VII and PHA discrimination. Def. Br. at 14-21. To the contrary, Plaintiff has adequately pleaded these claims.

Title VII (and the PHRA) prohibit an employer from discriminating against an employee because of the employee's race, color or religion (religion includes religious practices). *E.E.O.C. v Abercrombie & Fitch Stores, Inc.*, 575 U.S. 768, ___, 135 S. Ct. 2028, 2032 (2015). Herein, Plaintiff alleges that he, an African-American Christian, asked Defendant, his employer, for permission to pray during work hours at the work site. He also alleges that other employees who were not African-Americans or Christians were allowed to pray on site during work hours. Furthermore, Plaintiff alleges that he was told by one of his supervisors – one of Defendant's employees – not to pray at work. These allegations adequately plead Title VII and PHRA claims for religious and race-based discrimination. Therefore, Defendant's motion to dismiss counts three

5

and four of the FAC is denied.

### D.     Counts Five and Six

Plaintiff next alleges that Defendant created a hostile work environment for him based on his religion.  FAC at 7.  Defendant contends that Plaintiff has failed to adequately plead this claim.  Def. Br. at 21-26.  The court disagrees because Plaintiff has pleaded a plausible claim.

The elements of Plaintiff's claim are:  (1) the employee suffers intentional discrimination because of his religion, (2) the discrimination was severe **or**[3] pervasive, (3) the discrimination detrimentally affected the employee, (4) the discrimination would detrimentally affect a reasonable person like the plaintiff, and (5) the existence of *respondeat superior* liability.  *See Moody v. Atlantic City Bd. of Educ.*, 870 F.3d 206, 213 (3d Cir. 2017) (citation omitted).  Plaintiff need not establish a *prima facie* case, simply plead a plausible claim.  *Connelly*, 809 F.3d at 788-89.  Plaintiff has pleaded a plausible claim.

Plaintiff alleges that:  he asked to pray at work during work hours; he was ordered not to pray at work – according to Defendant, the person giving the order was the school's principal; Plaintiff requested an accommodation to pray at work during work hours; despite the order directed at him, other employees – who were not Christians and not African-American – were allowed to pray at work, during work hours; as a result of Defendant's conduct, Plaintiff felt emotional pain and suffering.

Plaintiff's allegations address each component of the appropriate test.  Plaintiff alleges that he was subjected to religious discrimination (perhaps also racial discrimination) because he was

---

[3] Defendant argues that Plaintiff must plead that the discrimination was pervasive and regular.  *See* Def. Br. at 23.  However, the Third Circuit has clarified that, despite inconsistency in its own precedent that would suggest Defendant is correct, that is not the proper standard.  *Castleberry v. STI Group*, 863 F3d 259, 263-64 (3d Cir. 2017).  Instead, U.S. Supreme Court precedent establishes that a plaintiff need only plead that the discrimination was pervasive **or** severe.  *Id.* at 264 (citing, *inter alia*, *Pa. State Police v. Suders*, 542 U.S. 129, 133 (2004)).

ordered not pray while on the job, during work hours, yet others – who were not Christian and not African-American – were allowed to do so. This invidious discrimination continued from May 17, 2018 until Plaintiff stopped working in September 2018 and would be perceived by all who worked with Plaintiff; hence, it could be viewed as pervasive. *See Castleberry v. STI Group*, 863 F3d 259, 265-66 (3d Cir. 2017). Plaintiff alleges that Defendant's discrimination caused him emotional pain and suffering and a reasonable Christian subjected to this invidious discrimination would certainly suffer, *i.e.*, be adversely affected by it. Finally, since the persons imposing the discrimination on Plaintiff were his supervisors, there appears to be *respondeat superior* liability. *See Moody*, 870 F.3d at 216 (citing *Vance v. Ball State Univ.*, 133 S. Ct. 2434, 2442 (2013)). Accordingly, Defendant's motion to dismiss counts five and six of the FAC is denied.

**E.    Count Seven**

In count seven, Plaintiff seeks to hold Defendant liable for violation of 42 U.S.C. § 1981, which bars racial discrimination in forming contracts, including employment. FAC at 7-8. Defendant moves to dismiss this claim, on the ground that Plaintiff has failed to plead that Defendant's employees – Plaintiff's supervisors – acted pursuant to a policy, custom or practice, which is required to hold a local governmental entity liable under § 1981; Defendant also argues that *respondeat superior* liability does not exist for § 1981 actions, which, essentially, is a restatement of its first argument. Def. Br. at 26-29. This court finds that Plaintiff has pleaded the requisite policy, custom or practice.

Defendant is correct that § 1981 does not impose liability on a local governmental entity based upon *respondeat superior* principles; instead, such an entity will only be liable if the Defendant's acts flowed from a policy, custom or practice. *Jett v. Dallas Independent Sch. Dist.*, 491 U.S. 701, 731-36 (1989). However, at this stage in the ligation, Plaintiff must merely plead

that his supervisors acted pursuant to a policy, custom or practice when they discriminated against him based on his race, he need not make a *prima facie* case, *see Connelly*, 809 F.3d at 788-89, or prove that they did. Plaintiff explicitly pleads that his supervisor's discriminatory actions were carried out pursuant to a policy, custom or practice. FAC at 7-8. Whether there was such a liability-triggering policy, custom or practice, is a question of law, not fact, which this court must decide before Plaintiff's § 1981 claim can be submitted to the jury. *Jett*, 491 U.S. at 737. Hence, at this stage, all Plaintiff can do is plead that such a liability-causing policy, custom or practice existed. Since he has, Defendant's motion to dismiss count seven is denied.

**F.    Count Eight**

Count eight alleges that Defendant's conduct interfered with, and constituted retaliation against, Plaintiff's exercise of his First Amendment right to practice his religion. FAC at 8. Defendant asserts that Plaintiff has failed to plead that Defendant interfered with Plaintiff's ability to pray at any time during the work-day. Def. Br. at 29-30. Defendant's assertion is incorrect.

Plaintiff has pleaded that, on May 17, 2018, a supervisor ordered him not to pray while at work. FAC at 4. Later, Plaintiff formally requested an accommodation to be allowed to pray at work; this request was not granted, therefore, Plaintiff no longer could pray at work. FAC at 4-5. Plaintiff has pleaded sufficient facts to plausibly claim that Defendant prevented him from praying at work by ordering him not to do so and not acting upon Plaintiff's request for an accommodation to pray at work. Hence, Defendant's motion to dismiss count eight is denied.

An implementing Order follows.