## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GEORGE SMITH,
      Plaintiff,

v.

SOUTHEAST DELCO SCHOOL DISTRICT
      Defendant.

Civil Action

No. 2:19-cv-03150-CMW

### ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Southeast Delco School District ("School District"), by its undersigned counsel, files this Answer and Affirmative Defenses to Plaintiff's First Amended Complaint, as follows:

1.    Denied. The allegations of this paragraph constitute conclusions of law as to which no response is required, and therefore, they are denied.

2.    Admitted in part and denied in part. It is admitted that Plaintiff is an African-American man. The remaining allegations of this paragraph are denied as Defendant is without knowledge or information sufficient to form a belief as to as to their truth.

3.    Denied. The allegations of this paragraph are denied as Defendant is without knowledge or information sufficient to form a belief as to as to their truth.

4.    Admitted.

5.    Admitted in part and denied in part. It is admitted only that Plaintiff was employed at school locations by the School District starting in January 2012. It is specifically denied that Plaintiff was constructively terminated; to the contrary, Plaintiff resigned from the School District in September of 2018. Further answering, the allegation that Plaintiff was constructively

terminated constitutes a conclusions of law as to which no response is necessary, and therefore, it is denied.

6.      Denied.  The allegations of this paragraph constitute conclusions of law as to which no response is required, and therefore, they are denied.

7.      The School District hereby incorporates all preceding paragraphs, above, as though fully set forth herein.

8.      Denied.  The allegations of this paragraph constitute conclusions of law as to which no response is required, and therefore, they are denied.

9.      Denied.  The allegations of this paragraph constitute conclusions of law as to which no response is required, and therefore, they are denied.

10.     Denied.  The allegations of this paragraph constitute conclusions of law as to which no response is required, and therefore, they are denied.

11.     Denied.  The allegations of this paragraph constitute conclusions of law as to which no response is required, and therefore, they are denied.

12.     The School District hereby incorporates all preceding paragraphs, above, as though fully set forth herein.

13.     Denied.  The allegations of this paragraph constitute conclusions of law as to which no response is required, and therefore, they are denied.

14.     Admitted in part and denied in part.  It is admitted that Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on July 13, 2018.  The remaining allegations of this paragraph constitute conclusions of law as to which no response is required, and therefore, they are denied.

15. Denied. The allegations of this paragraph allegations constitute conclusions of law as to which no response is required, and therefore, they are denied.

16. Denied. The allegations of this paragraph are denied as Defendant is without knowledge or information sufficient to form a belief as to as to their truth.

17. Denied. It is denied that Plaintiff filed the First Amended Complaint within 90 days of receipt of the EEOC Right to Sue letter.

18. The School District hereby incorporates all preceding paragraphs, above, as though fully set forth herein.

19. Admitted.

20. Denied as stated. Plaintiff was continuously employed by Defendant as a School Safety Officer and also sometimes worked for Defendant as a summer aide.

21. Denied. The allegations of this paragraph are denied as Defendant is without knowledge or information sufficient to form a belief as to as to whether Plaintiff at all times relevant maintained a second job.

22. Admitted in part and denied in part. It is admitted that Plaintiff was qualified for his position with the School District. It is denied as stated that Plaintiff performed well at all times.

23. Denied. The allegations of this paragraph are denied as Defendant is without knowledge or information sufficient to form a belief as to as to whether Plaintiff throughout the entirety of his employment with the School District maintained a second job.

24. Denied. The allegations of this paragraph are denied, and strict proof thereof is demanded.

25. Denied. The allegations of this paragraph are denied, and strict proof thereof is demanded.

26.     Denied.  The allegations of this paragraph constitute conclusions of law as to which no response is required, and therefore, they are denied.  To the extent that any of the allegations of this paragraph are deemed factual for which an answer is required, the School District had and has no policy prohibiting any employee from praying while at work, and any request for accommodation to pray while on duty would require an appropriate investigation, as occurred in regard to Plaintiff.

27.     Admitted and denied in part.  It is denied as stated that only non African-American employees were allowed to pray while at work.  It is admitted only that Defendant had and has no policy prohibiting non African-American employees or employees of any other race from praying while at work, and any request for accommodation to pray while on duty would require an appropriate investigation, as occurred in regard to Plaintiff.

28.     Denied.   The allegations of this paragraph are denied, and strict proof thereof is demanded.

29.     Denied.  It is denied that there was a confrontation, and it is denied that Plaintiff believed or reasonably believed as alleged; to the contrary, Plaintiff was called to a meeting to address why he was not in his assigned area while on security patrol duty.  Further answering, it is denied that there was harassment of any kind by Plaintiff's supervisor, including on the bases of race or religion.

30.     Admitted in part and denied in part.  It is admitted only that Plaintiff sent an email on May 18, 2018 to several administrators and his department supervisor asserting a "formal complaint" that the assistant principal of the high school had discriminated against him because of his race.  It is denied that Plaintiff's complaint asserted any religious discrimination.   Further answering, it is denied that Plaintiff was subjected to any race or religious discrimination.

Plaintiff sent this email after being questioned by the high school assistant principal, about not being in his assigned area on May 17, 2018 and on May 18, 2018, while on security patrol duty.

31.     Admitted in part and denied in part.  It is admitted only that Plaintiff sent an email on June 4, 2018 to the School District superintendent asserting a "formal request" for an accommodation to be allowed to pray while on security patrol duty.  Plaintiff sent this email after being questioned by the high school assistant principal, about not being in his assigned area on May 17, 2018 and on May 18, 2018, while on security patrol duty.

32.     Denied.  The allegations of this paragraph constitute conclusions of law as to which no response is required, and therefore, they are denied.  To the extent that any of the allegations of this paragraph are deemed factual for which an answer is required, they are denied and strict proof thereof is demanded.

33.     Denied.  It is denied as stated that Plaintiff informed Defendant as alleged; rather, Plaintiff  responded   during Defendant's Human Resources Director's attempt to properly investigate his request for accommodation that his religion was "Christian," and it required him to pray once when he wakes up in the morning and before any meals.

34.     Denied.   The allegations of this paragraph are denied, and strict proof thereof is demanded.  Further answering, from the time of his hire until his resignation, Plaintiff was employed as a full-time School Safety Officer.  During summer breaks from his School Safety Officer position during 2014 through 2017, Plaintiff chose to work as a building aide for the summer tutoring program, but by email on June 22, 2018, declined such an offered assignment as a "Breakfast Monitor" and "Hallway Monitor (Middle School Area)" due to his unavailability for the remainder of the summer.  Further answering, it is denied as a conclusion of law as to which no response is required that Plaintiff was demoted, and therefore, said allegation is denied.

35.     Denied.  Defendant hereby incorporates by reference paragraph 34, above, as though fully set forth herein.

36.     Denied.  The allegations of this paragraph are denied,.  Further answering, on June 26, 2018, Plaintiff was issued discipline in the form of a "Performance Correction & Final Determination Notice" providing him with a verbal warning and a written warning, respectively, following investigations of Plaintiff's failure to be in his assigned area on May 17, 2018 and on May 18, 2018, while on security patrol duty.

37.     Admitted that Plaintiff had not been "*formally* disciplined" as alleged.   Further answering, in November of 2013, Plaintiff was directed to cease any personal interaction, telephonic or electronic communications while at work with another employee who had submitted a complaint against him, and he was transferred to work at the high school and directed not to come to the Delcroft School unless for official school business.

38.     Denied.  The allegations of this paragraph are denied.

39.     Denied.  The allegations of this paragraph are denied.  Further answering, Defendant hereby incorporates by reference paragraph 36, above, as though fully set forth herein.

40.     Denied.  The allegations of this paragraph are denied.

41.     Denied.  It is denied as stated that Plaintiff was not allowed to pray at work,  Further answering, Plaintiff's request for accommodation to be allowed to pray while on security patrol duty was properly being investigated the School District's Director of Human Resources, and Plaintiff refused to provide reasonable and complete responses to appropriate inquiries in order to assess his accommodation request.  Further answering, Defendant had and has no policy prohibiting employees from praying while at work, and any request for accommodation to pray while on duty would require an appropriate investigation, as occurred in regard to Plaintiff.

42.    Denied.   The allegations of this paragraph are denied, and strict proof thereof is demanded.

43.    Denied.  The allegations of this paragraph are denied as stated.  Further answering, the School District's Director of Human Resources had proposed scheduling all security officers to have a meal break, but the officers collectively advised that they preferred skipping any meal break and instead ending their workday that must sooner, which was the practice at that time.  In keeping with the wishes of the safety officers, no schedule change was ever made.

44.    Denied.   The allegations of this paragraph are denied, and strict proof thereof is demanded.  Further answering, Defendant hereby incorporates paragraph 43, above, as though fully set forth herein.

45.    Denied.  The allegations of this paragraph constitute conclusions of law as to which no response is required.  Further answering, if the allegations of this paragraph are deemed factual for which an answer is required, Defendant hereby incorporates paragraph 43, above, as though fully set forth herein.

46.    Denied.  The allegations of this paragraph are denied.  Further answering, Defendant hereby incorporates paragraph 43, above, as though fully set forth herein.

47.    Denied.   The allegations of this paragraph are denied, and strict proof thereof is demanded.  Further answering, Defendant hereby incorporates paragraph 43, above, as though fully set forth herein

48.    Denied.  The allegations of this paragraph are denied.  Further answering, to the extent that allegations of this paragraph constitute conclusions of law as to which no response is required, they are denied.

49.     Denied.  It is denied that Plaintiff was subjected to any harassment, and therefore, there was and could be no such knowledge.  Further answering, to the extent that allegations of this paragraph constitute conclusions of law as to which no response is required, they are denied..

50.     Denied.  The allegations of this paragraph constitute conclusions of law, as to which no response is required, and therefore, they are denied.  To the extent that any allegations are deemed factual for which an answer is required, they denied.  Further answering, Plaintiff voluntarily resigned effective January 20, 2018.

**COUNT I – RETALIATION**
**<u>TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED</u>**

41[sic].[1]  Defendant hereby incorporates all preceding paragraphs, above, as though fully set forth herein.

42[sic].  Denied.  The allegations of this paragraph constitute conclusions of law as to which no response is required, and therefore, they are denied.

43[sic].  Admitted in part and denied in part.  It is admitted only that Plaintiff sent an email on May 18, 2018 to several administrators and his department supervisor asserting a "formal complaint" that the assistant principal of the high school had discriminated against him because of his race.  It is denied that Plaintiff was subjected to any discrimination on any basis.

44[sic].  Denied.  It is denied that Defendant took adverse employment action including demoting, harassing, disciplining or constructively terminating Plaintiff.  Further answering, on June 26, 2018, Plaintiff was issued discipline in the form of a "Performance Correction & Final Determination Notice" providing him with a verbal warning and a written warning, respectively, following investigations of Plaintiff's failure to be in his assigned area on May 17, 2018 and on

---

[1] The paragraphs of Count I, which immediately follow Paragraph 50 of his First Amended Complaint, are mis-numbered as Paragraphs 41 through 45.

8

May 18, 2018, while on security patrol duty.  Further answering, to the extent that allegations of this paragraph constitute conclusions of law as to which no response is required, they are denied.

45[sic].  Denied.  The allegations of this paragraph constitute conclusions of law as to which no response is required, and therefore, they are denied.  Further answering, to the extent that allegations of this paragraph are deemed factual for which an answer is required, they are denied.

**COUNT II – RETALIATION**
**THE PENNSYLVANIA HUMAN RELATIONS ACT**

46[sic].[2]  Defendant hereby incorporates all preceding paragraphs, above, as though fully set forth herein.

47[sic].  Denied.  The allegations of this paragraph constitute conclusions of law as to which no response is required, and therefore, they are denied.

48[sic].  Admitted in part and denied in part.  It is admitted only that Plaintiff sent an email on May 18, 2018 to several administrators and his department supervisor asserting a "formal complaint" that the assistant principal of the high school had discriminated against him because of his race.  It is denied that Plaintiff was subjected to any discrimination on any basis.

49[sic].  Denied.  It is denied that Defendant took adverse employment action including demoting, harassing, disciplining or constructively terminating Plaintiff.  Further answering, on June 26, 2018, Plaintiff was issued discipline in the form of a "Performance Correction & Final Determination Notice" providing him with a verbal warning and a written warning, respectively, following investigations of Plaintiff's failure to be in his assigned area on May 17, 2018 and on May 18, 2018, while on security patrol duty.  Further answering, to the extent that allegations of this paragraph constitute conclusions of law as to which no response is required, they are denied.

---

[2]  The paragraphs of Count II are mis-numbered as Paragraphs 46 through 50.

50[sic].  Denied.  The allegations of this paragraph constitute conclusions of law as to which no response is required, and therefore, they are denied.  Further answering, to the extent that allegations of this paragraph are deemed factual for which an answer is required, they are denied.

### COUNT III – RELIGIOUS DISCRIMINATION – DISPARATE TREATMENT AND FAILURE TO ACCOMMODATE
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

51.    Defendant hereby incorporates all preceding paragraphs, above, as though fully set forth herein.

52.    Denied.  The allegations of this paragraph are denied.  Further answering, it is denied that Defendant took adverse employment action including demoting, harassing, disciplining or constructively terminating Plaintiff, including on the basis of his religion and/or his request for a religious accommodation.  Further answering, on June 26, 2018, Plaintiff was issued discipline in the form of a "Performance Correction & Final Determination Notice" providing him with a verbal warning and a written warning, respectively, following investigations of Plaintiff's failure to be in his assigned area on May 17, 2018 and on May 18, 2018, while on security patrol duty. Further answering, to the extent that allegations of this paragraph constitute conclusions of law as to which no response is required, they are denied..

53.    Denied.  Defendant hereby incorporates by reference its paragraph 52, above, as though fully set forth herein.

54.    Denied.  Defendant hereby incorporates by reference its paragraph 52, above, as though fully set forth herein.

### COUNT IV – RELIGIOUS DISCRIMINATION – DISPARATE TREATMENT AND FAILURE TO ACCOMMODATE
### THE PENNSYLVANIA HUMAN RELATIONS ACT

55.     Defendant hereby incorporates all preceding paragraphs, above, as though fully set forth herein.

56.     Denied.  Defendant hereby incorporates by reference its paragraph 52, above, as though fully set forth herein.

57.     Denied.  The allegations of this paragraph constitute conclusions of law as to which no response is required, and therefore, they are denied.  Further answering, it is specifically denied that Plaintiff suffered any damages and strict proof thereof is demanded.

**COUNT V – RELIGIOUS DISCRIMINATION – HOTILE WORK ENVIRONMENT**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED**

58.     Defendant hereby incorporates all preceding paragraphs, above, as though fully set forth herein.

59.     Denied.  The allegations of this paragraph constitute conclusions of law as to which no response is required, and therefore, they are denied.  Further answering, if the allegations of this paragraph are deemed factual for which an answer is required, they are denied. Further answering, Defendant hereby incorporates all preceding paragraphs, above, as though fully set forth herein.

**COUNT VI – RELIGIOUS DISCRIMINATION – HOTILE WORK ENVIRONMENT**
**THE PENNSYLVANIA HUMAN RELATIONS ACT**

60.     Defendant hereby incorporates all preceding paragraphs, above, as though fully set forth herein.

61.     Denied.  The allegations of this paragraph constitute conclusions of law as to which no response is required, and therefore, they are denied.  Further answering, if the allegations of this paragraph are deemed factual for which an answer is required, they are denied.  Further

answering, Defendant hereby incorporates all preceding paragraphs, above, as though fully set forth herein.

**COUNT VII**
**42 U.S.C. § 1983**
**VIOLATION OF 42 U.S.C. § 1981 - RETALIATION**

62.     Defendant hereby incorporates all preceding paragraphs, above, as though fully set forth herein.

63.     Denied.  The allegations of this paragraph constitute conclusions of law as to which no response is required, and therefore, they are denied.

64.     Denied.  The allegations of this paragraph constitute conclusions of law as to which no response is required, and therefore, they are denied.  Further answering, if the allegations of this paragraph are deemed factual for which an answer is required, they are denied.

65.     Admitted in part and denied in part.  It is admitted only that Plaintiff sent an email on May 18, 2018 to several administrators and his department supervisor asserting a "formal complaint" that the assistant principal of the high school had discriminated against him because of his race.  It is denied that Plaintiff was subjected to any discrimination on any basis.

66.     Denied.  The allegations of this paragraph are denied.  Further answering, it is denied that Defendant took adverse employment action including demoting, harassing, disciplining or constructively terminating Plaintiff.  Further answering, on June 26, 2018, Plaintiff was issued discipline in the form of a "Performance Correction & Final Determination Notice" providing him with a verbal warning and a written warning, respectively, following investigations of Plaintiff's failure to be in his assigned area on May 17, 2018 and on May 18, 2018, while on security patrol duty.  Further answering, to the extent that allegations of this paragraph constitute conclusions of law as to which no response is required, they are denied..

67.     Denied.  The allegations of this paragraph constitute conclusions of law as to which no response is required, and therefore, they are denied.  Further answering, to the extent that allegations of this paragraph are deemed factual for which an answer is required, they are denied.

**COUNT VIII**
**42 U.S.C. § 1983**
**FIRST AMENDMENT**

68.     Defendant hereby incorporates all preceding paragraphs, above, as though fully set forth herein.

69.     Denied.  The allegations of this paragraph constitute conclusions of law as to which no response is required, and therefore, they are denied.  Further answering, to the extent that allegations of this paragraph are deemed factual for which an answer is required, they are denied.

70.     Denied.  The allegations of this paragraph constitute conclusions of law as to which no response is required, and therefore, they are denied.  Further answering, to the extent that allegations of this paragraph are deemed factual for which an answer is required, they are denied.

WHEREFORE, Defendant, Southeast Delco School District, requests the dismissal of Plaintiff's First Amended Complaint in its entirety, the entry of judgment in Defendant's favor and against Plaintiff, together with costs, attorney fees, and any other relief the Court deems fair and just.

**AFFIRMATIVE DEFENSES**

1.     Defendant did not discriminate or retaliate against Plaintiff on the basis of his race or religion, or on the basis of any other protected characteristic or activity.

2.     Defendant had legitimate, non-discriminatory reasons for its actions regarding the Plaintiff.

3.      No adverse and/or other employment action was taken against Plaintiff because of his race or religion, or on the basis of any other protected characteristic or activity.

4.      Some or all of the Plaintiff's claims are, or may be, barred by applicable statutes of limitation and/or applicable limitation periods.

5.      Plaintiff has, in whole or in part, failed to state claims upon which relief can be granted.

6.      Plaintiff failed to exhaust administrative remedies with respect to one or more claims or aspects of his claims.

7.      Plaintiff suffered no injury or damages due to any conduct of Defendant.

8.      Plaintiff breached his duty to mitigate any damages he may have suffered, which damages are denied.

9.      Plaintiff's race or claims of discrimination or opposition to discrimination were not a factor in Defendant's actions regarding Plaintiff.

10.      Plaintiff's religion or claims of discrimination or opposition to discrimination were not a factor in Defendant's actions regarding Plaintiff.

11.      Plaintiff's request for religious accommodation was not based on any sincerely-held religious belief.

12.      Plaintiff did not reasonably cooperate in the proper investigation of his request for a religious accommodation.

13.      Plaintiff's request for a religious accommodation to be allowed to pray while on security patrol duty was properly denied.

14.      Any disciplinary actions against Plaintiff by the School District were appropriate, and due solely to his serious workplace transgressions and/or violations of School District policy.

15.     None of the disciplinary warnings issued to Plaintiff constituted adverse employment actions.

16.     None of the disciplinary warnings issued to Plaintiff altered the terms of his employment or affected his compensation.

17.     The School District did not violate Plaintiff's rights under Title VII, the Pennsylvania Human Relations Act ("PHRA"), Section 1981 or Section 1983, or the First Amendment.

18.     Plaintiff's claims are barred in whole or in part by laches, estoppel or waiver.

19.     Plaintiff is not entitled to an award of damages that exceeds any applicable statutory cap.

20.     Plaintiff was not demoted, harassed, subjected to any hostile work environment, or constructively discharged.

LEVIN LEGAL GROUP, P.C.
/s/ James J. Musial
Michael I. Levin, Esquire
PA Attorney I.D. No. 21232
James J. Musial, Esquire
PA Attorney I.D. No. 71100
1301 Masons Mill Business Park
1800 Byberry Road
Huntingdon Valley, PA 19006
(215) 938-6378
mlevin@levinlegalgroup.com
jmusial@levinlegalgroup.com
*Counsel for Defendant,*
*Southeast Delco School District*

Date: July 8, 2020

## CERTIFICATE OF SERVICE

James J. Musial, one of the attorneys for the Defendant, hereby certifies that the foregoing Answer and Affirmative Defenses of Defendant Southeast Delco School District to Plaintiff's First Amended Complaint was filed with the Court and served on the Plaintiff's counsel listed below through the Court's Electronic Filing System on the below date and is available for viewing and downloading:

Gregg L. Zeff, Esquire, ID # 52648
Eva C. Zelson, Esquire, ID # 320699
100 Century Parkway
Suite 305
Mount Laurel, NJ 08054
*Attorneys for Plaintiff*

/s/James J. Musial
James J. Musial

Date: July 8, 2020